ALBERT KUMPA, PLAINTIFF-RESPONDENT, v. NELSON E. PAGE, DEFENDANT-APPELLANT, AND DENNIS MULVIHILL, SECRETARY OF THE BOARD OF EDUCATION OF THE TOWNSHIP OF NORTH BERGEN, BOARD OF EDUCATION OF THE TOWNSHIP OF NORTH BERGEN AND MICHAEL LUKACH, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 27, 1981—Decided March 27, 1981.

Before Judges ALLCORN, MICHELS and MILMED.

*J. Sheldon Cohen* argued the cause for appellant (*Schneider, Cohen, Solomon & DiMarzio,* attorneys).

*Donald A. Caminiti* argued the cause for respondent Albert Kumpa (*Breslin & Breslin,* attorneys).

*Frank R. Gioia* appeared for respondent Board of Education of the Township of North Bergen.

No one appeared on behalf of the remaining respondents.

The opinion of the court was delivered by

ALLCORN, P. J. A. D.

It is conceded that the petition of nomination for Nelson E. Page as a candidate for the Board of Education of the Township of North Bergen contains the signatures of only ten persons, the minimum required by *N.J.S.A.* 18A:14–9. It also is conceded that one of said signers has been convicted of a crime which disenfranchises him and which thus renders him not a qualified voter of the school district and thus ineligible to sign the petition, as required by *N.J.S.A.* 18A:14–10.

Although, after notice of the defect, appellant obtained additional signatures of qualified voters, the pertinent statute does not permit such defect to be cured. *N.J.S.A.* 18A:14–12 provides:

> When a nominating petition is found to be defective *excepting as to the number of signatures,* the secretary of the board shall forthwith notify the

candidate of the defect and the date when the ballots will be printed and the candidate indorsing the petition may amend the same in form or substance, *but not to add signatures*, so as to remedy the defect at any time prior to said date. [Emphasis supplied]

Accordingly, the judgment of the Law Division is affirmed.